Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00253-CR

Daniel West **RENDON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR10513
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
           Sandee Bryan Marion, Justice
           Marialyn Barnard, Justice

Delivered and Filed:  May 25, 2011

DISMISSED

Appellant Daniel West Rendon pleaded nolo contendere to unauthorized use of a motor vehicle pursuant to a plea bargain agreement. The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has

been filed.  *See* TEX. R. APP. P. 25.2(d).  This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."  *Id.*

The court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal was made part of the appellate record within thirty days.  *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (Jul. 2, 2003, pet. ref'd) (not designated for publication).  Appellant's appointed appellate counsel filed a written response, stating she has reviewed the record and can find no right of appeal.  After reviewing the record and counsel's notice, we agree that appellant does not have a right to appeal.  *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).  We therefore dismiss this appeal.  *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish